UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

FILED

MAR 12 2021

Clerk, U.S. District Court
Eastern District of Tennessee
At Knoxville

In the matter of the search of:
A black Apple iPhone XR,
Serial Number: DX4CHB5CKXKN
IMEI: 356449109856046
Currently stored at the Knoxville Federal
Bureau of Investigation, 1501 Dowell Springs
Blvd., Knoxville, Tennessee 37909.

Case No. 3:21-MJ-1000

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

Your affiant, Emily L. Ciaravino, a Special Agent of the Federal Bureau of Investigation (FBI) being duly sworn, deposes and states the following:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent of the Federal Bureau of Investigation (FBI) and have been so employed since January 2019. I am an "Investigative or Law Enforcement Officer" within the meaning of Section 2510(7) of Title 18, United States Code; that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516 of Title 18, United States Code. My primary duties and responsibilities involve the investigation of violations of federal law including violent crime as found in Title 18 of the United States Code and the Controlled Substances Act as found in Title 21 of the United States Code. I am currently assigned to the Knoxville Field Office of the FBI and am assigned to the Violent Crime Squad. During my tenure as a Special Agent, I have investigated crimes including, but not limited to, bank robbery, gangs and organized crime, narcotics trafficking, fugitive investigations and violent crimes against children. I have conducted physical surveillance, assisted in the execution of search warrants, analyzed phone and internet records, and conducted arrests of criminal subjects. Prior to joining the FBI, I was a Detective in the Criminal

1

Investigations Division of the Roane County Sheriff's Office in Roane County, Tennessee. I received several hours of training and attended numerous classes regarding investigative techniques and methods related to crimes against children. As an FBI Special Agent, I am authorized to investigate violations relating to child exploitation and child pornography, including the production, transportation, receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2251 and 2252A, as well as the enticement and coercion of minors, in violation of 18 U.S.C. § 2422(b). I have gained experience in conducting these investigations through training and daily investigative activity, including executing search warrants and interviewing individuals who seek to sexually exploit children. As part of my training and experience, I have observed and reviewed numerous examples of child pornography, as defined in 18 U.S.C. § 2256, in multiple forms of media.

2. I make this affidavit in support of an application for a search warrant to search a black Apple iPhone XR, serial number DX4CHB5CKXKN, IMEI 356449109856046 owned by Colton Lee Kephart and currently stored at the Knoxville Federal Bureau of Investigation at 1501 Dowell Springs Blvd., Knoxville, Tennessee 37909. The information to be searched is described in the following paragraphs.

3. Information contained within the affidavit is based upon information I have gained from my investigation, my personal observations, my training and experience, and/or information related to me by other law enforcement officers and/or agents. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning the investigation. I have set forth only the facts which I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violation of Title 18, United States Code, Section 2252A(a)(5)(B) (Possession of Child

2

Pornography) and Section 2252A(a)(2) (Distribution/Receipt of Child Pornography) described in ATTACHMENT B, are presently located in the device described in ATTACHMENT A.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 2252A(a)(5)(B) (Possession of Child Pornography) and 2252A(a)(2) (Distribution/Receipt of Child Pornography) have been committed by Colton Lee Kephart. There is also probable cause to search the information described in Attachment A for evidence of these crimes and contraband or fruits of these crimes, as described in Attachment B.

## BACKGROUND ON COMPUTERS AND CHILD PORNOGRAPHY

5. Based on my training and experience in child exploitation investigations, I am aware that computers, computer technology, and the Internet significantly facilitate child pornography offenses. Computers generally serve five (5) functions in connection with child exploitation offenses: production, communication, distribution, storage and social networking. Child pornography offenders can transpose photographic images from a camera into a computer-readable format with a scanner. With digital cameras, the images can be transferred directly onto a computer. A modem allows any computer to connect to another computer through the use of telephone, cable, or wireless connection. Therefore, through use of the Internet, electronic contact can be made to literally millions of computers around the world.

6. A computer's ability to store images in digital form makes the computer itself an ideal repository for child pornography. The size of the electronic storage media (commonly referred to as the hard drive) used in home computers has grown significantly within the last several years. These drives can store thousands of images at very high resolution. In addition, electronic devices such as smartphones, connected devices e-readers, and tablets now function essentially as computers with the same abilities to store images in digital form.

3

7. The Internet affords collectors of child pornography several different venues for obtaining, viewing and trading child pornography in a relatively secure and anonymous fashion. Collectors and distributors of child pornography also use online resources to retrieve and store child pornography, including, but not limited to, services offered by Internet portals such as Yahoo and Google. These online services allow a user to set up an account with a remote computing service that provides e-mail services as well as electronic storage of computer files in any variety of formats. A user can set up an online storage account from any computer or device with access to the Internet, and evidence of such online storage of child pornography is often found on the user's computer or device.

8. Even when such files have been deleted, they can be recovered months or years later using readily available forensic tools. When a person deletes a file on a computer, the data contained in the file does not actually disappear; rather, that data remains on the hard drive until it is overwritten by new data. Therefore, deleted files, or remnants of deleted files, may reside on the hard drive in space that is not allocated to an active file for long periods of time before they are overwritten. A computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

9. Additionally, files that have been viewed on the Internet are automatically downloaded into a temporary Internet directory or "cache." Browsers typically maintain a fixed amount of hard drive space devoted to these files, and the files are only overwritten as they are replaced with more recently viewed Internet pages. Therefore, the ability to retrieve residue of an electronic file from a hard drive depends less on when the file was downloaded or viewed, and more on the user's operating system, storage capacity, and computer habits.

10. The facts set forth in this affidavit establish probable cause to believe that a computer (including tablets and smartphones), its storage devices, and other system components

were used as a means of committing offenses involving the possession of child pornography. Accordingly, I seek the authorization to search the electronic device listed in Exhibit A, consistent with Attachment B to the requested warrant.

## PROBABLE CAUSE

11. On June 10, 2019, the National Center for Missing and Exploited Children ("NCMEC") received an online submission from the social media platform Instagram regarding a video upload of suspected child pornography on June 7, 2019. In turn, NCMEC reported this information to FBI Headquarters after reviewing and confirming the uploaded content to be child pornography. The reported child pornography is in the form of a video in which a juvenile female is depicted performing a sexually explicit act. Subsequent subscriber information obtained from Instagram and Google revealed the email address, coltonlkephart@gmail.com as the email account utilized to create the Instagram user account "Model & Contortion Edits" that uploaded the child pornography. Based on database searches of the name and email address associated with coltonlkephart@gmail.com, Colton Lee Kephart (herein after referred to as, Kephart) was identified as a thirty (30) year old male, date of birth (DOB) 10/20/1989, residing in Sevier County, Tennessee. Kephart is a Registered Sex Offender in the State of Tennessee and was on probation under the supervision of the Tennessee Department of Correction ("TDOC") at the time of the above described incident.

12. An Administrative Subpoena was served on Google on 07/16/2019 in reference to the above email address by FBI Headquarters. The results indicated a Sprint Corporation phone number, (865) 386-8973 was used to create the email address, coltonlkephart@gmail.com. An Administrative Subpoena was served on Sprint Corporation in reference to the above phone number. The results indicated the phone number (865) 386-8973 and billing account were in the

name of Kephart who was residing at 1231 Pine Mountain Way Unit 8, Sevierville, Tennessee 37862 at the time the subpoena results were obtained.

14. On 10/18/2019, writer met with TDOC Probation Officer ("PO") Jim Sleeman, who provided the FBI with biological and conviction information for Kephart. This information indicated Kephart was convicted of two (2) counts of Solicitation of a Minor and has been on a sex offender registry since 04/18/2016 as required by the Sex Offender Registry Notification Act (SORNA).

14. Kephart, as a condition of SORNA, provided the TDOC his email address, social media account information and phone number. Kephart provided the following residential address: 1231 Pine Mountain Way Unit 8, Sevierville, Tennessee 37862 and the telephone number: (423)714-9263. According to PO Sleeman, the phone number (423)714-9263 that Kephart provided, belonged to Kephart's roommate, Virgil T. Keasling, (also known as) "Tommy."

15. PO Sleeman stated when Keasling was not at the residence and Kephart needed access to a phone, Kephart would borrow his neighbor's phone. PO Sleeman did not know the name of the neighbor and had never spoken to a neighbor during routine residential checks. PO Sleeman recalled being contacted by Kephart who stated he was utilizing his neighbor's phone to return PO Sleeman's phone call. The phone number which Kephart claimed belonged to his neighbor was (865) 386-8973. However, this phone number, according to the results yielded from the aforementioned legal process, was affiliated solely with Kephart and the email address: coltonlkephart@gmail which uploaded the child pornography.

16. On 06/10/2020, an additional Administrative Subpoena was served on Sprint Corporation for the phone number 865-386-8973, associated with Kephart. The results indicated Kephart's account service began on 06/24/2018 for this phone number, and was also associated with the address of 1231 Pine Mountain Way Unit 8, Sevierville, Tennessee 37862. According to

Sprint, this address was current until 03/14/2019, when Kephart's residential address changed to 817 Burden Hill Road, Lot 2, Sevierville, Tennessee 37862.

17. On July 3, 2020, Google was served with a search warrant issued in the United States District Court for the Eastern District of Tennessee (case number 3:20-MJ-2158). In analyzing the records provided by Google for the email address, coltonlkephart@gmail.com, the subscriber information confirmed the user and reachable phone number associated with this account as 865-386-8973, along with the name, "Colt". Included in the Google search warrant results were several email notifications from Boost Mobile regarding usage reports and billing for Colton Kephart for the Boost Mobile cellular telephone number, 865-386-8973, between the dates of December 12, 2019 and June 24, 2020.

18. As indicated by the Google search warrant records return, Kephart has an Apple ID account which is the same as his Google email address, coltonlkephart@gmail.com. A search warrant was executed for the content associated with the aforementioned Apple ID account on October 15, 2020 (case number 3:20-MJ-2226). The search warrant results yielded twenty-six (26) videos and fifty-two (52) photographs depicting child pornography in Kephart's iCloud library. One of the twenty-six (26) videos appeared to be the same video of child pornography uploaded to Instagram by Kephart (Model & Contortion Edits) which depicted a juvenile female performing a sexual act.

19. On December 7, 2020, your affiant received information from NCMEC regarding an online submission of two files containing suspected child pornography by Instagram Username "colt45grinding". This Instagram Username was associated with Colton Kephart and the phone number 865-386-8973. This information was provided in the form of CyberTipline Report 82618566. The files of suspected child pornography appear to have been sent to an individual

7

(Instagram Username "vinciusdaforte") utilizing the Instagram platform in the form of a direct message from Kephart on November 6, 2020.

20. On December 15, 2020 a search warrant for the content associated with Instagram username, "colt45grinding" was obtained and the results made available on December 16, 2020. The content provided did in fact contain imagery consistent with child pornography. Based on the aforementioned information and viewing the content associated with the CyberTip, your affiant applied for a complaint and arrest warrant, filed on December 15, 2020.

21. On December 28, 2020, Kephart was arrested in Sevierville, Tennessee pursuant to an arrest warrant issued by the District Court for the Eastern District of Tennessee. Kephart was read his rights from the FBI Advice of Rights form. Kephart stated he understood his rights, waived his rights and agreed to be interviewed by FBI Special Agents (SA) Emily Ciaravino and Jason Stewart. While providing biographical information, Kephart stated his phone number was 865-386-8973 and his email address was coltonlkephart@gmail.com. This information was consistent with the phone number and e-mail address identified through the investigative measures previously mentioned to identity Kephart as the individual who uploaded child pornography to Instagram on June 7, 2019 and November 6, 2020. During the interview, Kephart provided written and verbal consent for Agents to search his Apple iPhone XR, associated with phone number 865-386-8973. During the interview, Kephart told Agents there was currently child pornography on his phone. After obtaining consent, SA Stewart observed hundreds of images of nude children, ranging in age from pre-pubescent to teenaged, several of which were depicted engaging in sexual acts with adults and/or other children. SA Stewart also observed several browser tabs that were open to websites depicting child sexual abuse material.

22. Kephart stated his Instagram user account was shut down approximately one (1) to two (2) months ago. When asked if Kephart recalled the username colt45grinding, he stated, yes

and that it sounded familiar. Kephart did not recall the name of the individual he had been conversing with prior to his account being shut down. However, Kephart stated he recalled the individual sending the first photo of child pornography during their conversation prior to the account being closed by Instagram.

23. Kephart's black Apple iPhone XR was on his person at the time of his arrest. According to information obtained from the execution of a search warrant for Kephart's iCloud account, Kephart activated this device on May 25, 2020. The device was seized upon his arrest and is currently stored at the FBI Knoxville Evidence Control Room.

## CONCLUSION

24. Based on the information set forth in this affidavit, there is probable cause to believe that contraband, evidence, fruits, and instrumentalities of, and property designed for use in committing the violation of 18 U.S.C. § 2252A(a)(5)(B) (Possession of Child Pornography) and 18 U.S.C. § 2252A(a)(2) (Distribution/Receipt of Child Pornography) are presently located on the Apple iPhone XR, as described in Attachment A, and the digital media therein. Accordingly, I respectfully request that this Court authorize the search of Kephart's black Apple iPhone XR, so that agents may seize the items listed in Attachment B.

_____
EMILY L. CIARAVINO
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this 12th day of January, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A

## DESCRIPTION OF PROPERTY TO BE SEARCHED

Property: A black Apple iPhone cellular device, Model: XR,
Serial Number: DX4CHB5CKXKN
IMEI: 356449109856046

Location: Knoxville Federal Bureau of Investigation
1501 Dowell Springs Blvd., Knoxville, Tennessee 37909



# ATTACHMENT B
## Particular Things to be seized

1. Child pornography in any form.

2. Any and all notes, documents, records, or correspondence pertaining to child pornography as defined under Title 18, United States Code, Section 2256(8).

3. Any and all correspondence identifying persons transmitting, through interstate commerce including the United States mail or computers, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

4. Any and all diaries, notebooks, notes, and any other records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).